IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IQBAL I. SINGH, M.D.;<br>OKSANA K. SINGH,<br><br>  Plaintiff,<br><br>vs.<br><br>LINCOLN MEMORIAL UNIVERSITY;<br>DR. CLAYTON HESS; DR. STACY<br>ANDERSON,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:22-00304-KD-B<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 3) and Plaintiffs' Response (Doc. 8). Accordingly, for the reasons set forth herein, the Motion to Dismiss (Doc. 3) is GRANTED.

**I.    Background**

Plaintiff Oksana K. Singh[1] ("Oksana"), a resident of Alabama, is a former veterinary student at the College of Veterinary Medicine at Defendant Lincoln Memorial University ("LMU"), a private university located and incorporated in Tennessee. Defendant Dr. Clayton Hess ("Dr. Hess"), a citizen of Tennessee, is the President of LMU. Defendant Dr. Stacy Anderson ("Dr. Anderson"), a citizen of Tennessee, is the Dean of LMU's veterinary school.

---

[1] The Plaintiffs are proceeding *pro se*. As such, "the court [will] construe the complaint more liberally than it would formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam)." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Nevertheless, a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff Dr. Iqbal I. Singh ("Dr. Iqbal"), a resident of Alabama, is Oksana's father and funded Oksana's veterinary school studies.

In short, the allegations in the underlying complaint are that Oksana was unable to proceed in LMU's veterinary program after allegedly wrongfully failing a course. Oksana asserts that her failing was wrongful because the course was allegedly taught by an unqualified professor. Oksana seeks to: 1) recover damages from Defendants due to her inability to proceed in veterinary school at LMU; and 2) be reinstated as a veterinary student at LMU.

**II.    Applicable Law**

The Defendants move to dismiss this case based on lack of subject matter and personal jurisdiction and for failure to state a claim.  The Plaintiffs respond summarily asserting the merits of their claim and accusing a defense attorney of having a conflict of interest.

As to subject matter jurisdiction, Defendants cite only that one of the Plaintiffs, Iqbal Singh, may not have standing.   But even if Iqbal does not have standing, the Defendants do not explain why the Court does not have subject matter jurisdiction over the case based on diversity of citizenship between the remaining parties.  However, the Defendants' argument that the court lacks personal jurisdiction is correct.

In a diversity action such as the present one, "[b]oth the United States Constitution and state long-arm statutes forbid a defendant from being forced to defend himself in the courts of a particular state unless that state can properly exercise personal jurisdiction over him. Thus, '[w]hen a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long-arm provision and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution.' Lasalle Bank N.A. v. Mobile Hotel Properties,

2

*LLC,* 274 F.Supp.2d 1293, 1296 (S.D.Ala.2003) (citations omitted); see also Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A*.,* 421 F.3d 1162, 1166 (11th Cir.2005) (similar)." Matthews v. Brookstone Stores, Inc., 431 F. Supp. 2d 1219, 1222 (S.D. Ala. 2006). "In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. See Ala. R. Civ. P. 4.2(b); Sieber v. Campbell*,* 810 So.2d 641, 644 (Ala. 2001)." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007).

"The Due Process Clause of the Constitution allows for general and specific jurisdiction over a defendant. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923−24 (2011). General jurisdiction is based upon 'a party's contacts with the forum state that are unrelated to the litigation, and specific jurisdiction 'is founded on a party's contacts with the forum state that are related to the cause of action.' Madara v. Hall, 916 F.2d 1510, 1516 (11th Cir. 1990). In considering whether general or specific personal jurisdiction complies with due process, the court must consider 'whether the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." ' Waite v. All Acquisition Corp*.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))." Bayne v. Taishan Gypsum Co., Ltd., 2021 WL 3603451, at *2 (N.D. Ala. Aug. 13, 2021). "Because the court is making factual determinations and reaching a final decision on jurisdiction, a preponderance-of-the-evidence standard applies." AcryliCon USA, LLC v. Silikal GmbH, 985 F.3d 1350, 1364 (11th Cir. 2021); see also Fam. Med. Pharmacy, LLC v. Goodman, No. 1:20-CV-369-TFM-MU, 2022 WL 2348671, at *1 (S.D. Ala. June 29, 2022) ("To overcome a motion to dismiss for lack of

3

personal jurisdiction, the plaintiff must ultimately show the existence of personal jurisdiction by a preponderance of the evidence.).

"Where a district court does not conduct an evidentiary hearing on the question, the burden is on the Plaintiff to establish a prima facie case of personal jurisdiction over a nonresident defendant. Madara 916 F.2d at 1514, citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir.1988). A prima facie case is established if the Plaintiff presents enough evidence to withstand a motion for directed verdict. Id. We must accept the allegations in the complaint as true, to the extent that they are uncontroverted by the Defendant's affidavits and depositions, and must construe all reasonable inferences in favor of the Plaintiff. Id." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000).

**III.    Analyses**

"This Court's exercise of general jurisdiction satisfies due process where the defendant's contacts with the forum state are 'continuous and systematic.'" Shanahan v. Lafayette Life Ins. Co., 2008 WL 11383601, at *2 (N.D. Ala. Feb. 19, 2008) (citing Consolidated Dev. Corp. V. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000). Here, all three Defendants are citizens of Tennessee. There is no evidence, or even allegations in the complaint, that Defendants continuously and systemically made contacts in this forum, let alone made any contact with the state of Alabama.  Thus, this Court does not have general personal jurisdiction over the Defendants. Accordingly, this Court must determine whether the Defendants had any contacts related to this case with the state of Alabama, such that exercising specific personal jurisdiction satisfies due process.

The Eleventh Circuit has implemented a three-part test for determining whether due process is satisfied for specific personal jurisdiction:

4

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice.

Bayne, 2021 WL 3603451, at *2 (citing Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013).

First, the Court must consider whether Plaintiffs' claims arise out of or relate to the Defendants' contact with Alabama. Yet, accepting the allegations in the complaint as true, there is no evidence (or even allegations) of the Defendants making any contact with Alabama, as all events relevant to this action appear to have occurred in Tennessee. Second, the Court must consider whether Defendants conducted activities within Alabama. Again, there is no evidence (or even allegations) of the Defendants making any contact with Alabama. Last, the Court must consider whether exercising personal jurisdiction comports with the traditional notions of fair play and substantial justice. The Defendants' total lack of contact with the state of Alabama strongly contradicts the fairness of asserting of personal jurisdiction over them. Accordingly, there is no specific personal jurisdiction over the Defendants.

In sum, Alabama's long-arm statute does not provide this Court with general or specific personal jurisdiction over the Defendants. All three Defendants are citizens of Tennessee, the events giving rise to this action occurred in Tennessee, and there is no evidence (or even allegation) that the Defendants conducted any activities in Alabama. Plaintiffs have failed to establish a prima facie case of personal jurisdiction over the defendants.

**IV.     Conclusion**

Accordingly, for the reasons set forth herein, Defendants' Motion to Dismiss (Doc. 3) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**DONE** and **ORDERED** this **8th** day of **September 2022**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**